[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR CONTEMPT (#168)
The marriage of the parties was dissolved by a judgment of this court (Shortall, J.) dated October 26, 1995.
By the stipulation of the parties, which became part of that judgment, the defendant became obligated to pay to the plaintiff the sum of $2,795.00 monthly as unallocated alimony CT Page 2443 and support. He agreed to this notwithstanding the fact that his financial affidavit and his testimony indicated that his net weekly income at that time was $640.00. Pursuant to the agreement and order thereon, he would be obligated to pay $650.00 per week to the plaintiff.
He further testified that his business was one that "goes through varying cycles and its feast or famine". He was canvassed under oath and made it clear that he understood his obligation and that he intended to meet it.
The parties have stipulated that the defendant is currently in arrears in the amount of $7,885.00. By his own admission, he has not made a payment to the plaintiff for in the months of November and December 1997, or for January 1998 — except for $500.00 dollars that he was ordered to pay by this court.
The defendant offered evidence and testimony to establish that his arrearage is due to the unavailability of cash from his one-man company, despite his best efforts to collect on his accounts receivable. The $17,000 and more which he has received over the past few months has had to go to his suppliers to permit him to buy the chemicals and other products he provides to his clients.
Notwithstanding this vicious financial circle, the defendant has found the money to lease an expensive luxury vehicle for $660.00 per month and to expend $90.00 per week operating it in the tri-state area servicing his accounts.
In his previous financial affidavit, the defendant had listed as deductions from his weekly self-employment his federal and state tax withholdings and FICA. He subsequently testified, however, that he has not actually paid any taxes for the years 1994, 1995 and 1996 and has not filed his 1997 return yet.
He conceded that if those sums were added back in, his net take home from self employment would be appreciably larger than reported per week.
On the bright side, the defendant has obtained employment from SNET which will pay him approximately $1105.00 gross income per week. His testimony was that he also expected to keep earning between 80% and 90% of what he had been getting from his company, Thermal Engineering in addition to his new SNET income. CT Page 2444 By his own testimony, his expected net weekly income will be no less than $1134.00 per week.
Based on the foregoing facts, the court finds that the defendant is in contempt of the order of this court to pay to the plaintiff the sum of $2,795.00 per month. The court finds the arrearage to be $7,885.00 as of the date of the hearing.
The court orders the defendant to pay to the plaintiff the sum of $1400.00 forthwith — on or before Monday, February 9, 1998.
Thereafter, beginning on March 1, 1998, the defendant is ordered to pay the current order of unallocated alimony and support in the amount of $2,795.00 and to pay an additional amount of $200.00 per month on the arrearage which is found to be $7,885.00 as of the date of the hearing, plus an additional $2,795.00 unless the defendant, since the date of the hearing, has paid his obligation for February, 1998.
By The Court,
Joseph W. Doherty, Judge